UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
──────────────────────────────────────X   For Online Publication Only

IASIA EAVES,

                Plaintiff,

    -against-                          **ORDER**
                                  22-CV-5525 (JMA) (SIL)

LEVITT-FUIRST ASSOCIATES, LTD.,

                Defendant.
──────────────────────────────────────X

**AZRACK, United States District Judge:**

Before the Court is the motion filed by Defendant Levitt-Fuirst Associates, Ltd. ("Defendant") that seeks dismissal for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). (See ECF No. 6 (Defendant's Motion).). For the reasons set forth herein, the Court GRANTS Defendant's Motion, dismisses Plaintiff's federal claims with prejudice, and dismisses her state law claims without prejudice.

## I. BACKGROUND

The following facts, set forth in the Complaint and the attached exhibits, are presumed true for purposes of Defendant's motion to dismiss.

Plaintiff Iasia Eaves ("Plaintiff") is an African-American woman who resides in Nassau County, New York. (See ECF No. 1, Complaint ("Compl.") ¶ 17). Defendant is an entity[1] engaged in the "insurance sales and service business." (Id. ¶ 8.)

Plaintiff was employed by Defendant as an "Account Executive" from on or about May 24, 2021, until her July 22, 2021 termination. (Id. ¶¶ 1, 9, 19, 23-24.) Plaintiff accepted

---

[1] While the Complaint generally refers to Defendant's allegedly unlawful actions vis-à-vis Plaintiff, it omits allegations regarding both Defendant's corporate structure (i.e. – corporation, partnership, limited liability company, etc.) and citizenship (i.e. – place of registration, incorporation, or headquarters).

employment with Defendant on May 24, 2021 and consented to a full background check as part of her onboarding process. (Id. ¶ 10.) At the beginning of that process, Plaintiff inquired whether Defendant recognized Martin Luther King, Jr. Day as a "company sponsored holiday" for which employees could take off without using a vacation day. (Id. ¶ 11.) Plaintiff was informed that employees could do so but were required to provide documentation that they were "volunteering in some capacity at a community organization such as a homeless shelter or soup kitchen." (Id.) Plaintiff was offended by this requirement and allegedly "asked for the company policy on 'Caucasian' or non-African-American related holidays, and if such proof of volunteerism was required" to take off for those holidays. (Id. ¶ 12.) One of Defendant's representatives replied that they were "'sorry' Plaintiff felt that way and added that [the representative] thought it was a nice thing." (Id. ¶ 13.)

Plaintiff thereafter participated in an introductory Zoom video conference on June 7, 2021, which was also attended by both Defendant's Co-President and Managing Director of Defendant's Personal Lines Division. (Id. ¶ 14.) During this conference, both individuals "question[ed] Plaintiff as to why she had previously sued a prior employer." (Id. ¶¶ 14-15.) Plaintiff acknowledged the prior lawsuit but was apparently "shocked" by this questioning and began to cry. (Id. ¶ 15.) In response, Defendant's Managing Director assured Plaintiff that Defendant was moving forward with her hire; the call continued without issue and Plaintiff commenced working for Defendant thereafter. (Id. ¶ 16.) In mid-June 2021, Plaintiff again inquired regarding Defendant's holiday policy – this time seeking clarification as to Juneteenth, which at that time had been recognized as a federal and New York State holiday. (Id. ¶ 17.) Plaintiff apparently only received a "thank you" in response to her query, but no further answer. (Id. ¶¶ 17-18.)

As part of her employment arrangement with Defendant, Plaintiff was permitted to solicit

and recruit potential clients, from whose business with Defendant, Plaintiff would be eligible to collect commissions. (Id. ¶ 19.) In late June 2021, notwithstanding that Plaintiff allegedly "br[ought] business leads to Defendant, in the commercial lines division for referral and underwriting[,]" Plaintiff's supervisors directed her to only discuss these business leads "after hours." (Id. ¶ 20.) In response to these directions – and based on Plaintiff's contention that her independently-generated business leads were not receiving appropriate attention from Defendant – Plaintiff emailed her supervisors and Defendant's upper management "complaining that she felt singled out and 'targeted'" by Defendant's conduct towards her business prospects. (Id. ¶ 22.)

On June 29, 2021, one of Defendant's managers apparently clarified for Plaintiff that she should only generate new business leads during non-business hours. (Id. ¶ 23.) This response apparently caused Plaintiff to "feel adverse treatment from Defendant," until Plaintiff's July 22, 2021 termination. (Id. ¶ 24.)

Plaintiff filed a post-termination notice of charge with the U.S. Equal Employment Opportunity Commission ("EEOC") regarding Defendant's above conduct – which she contended violated Title VII of the Civil Rights Act of 1964 ("Title VII"). (See ECF No. 6-2 (Notice of Right to Sue).) The EEOC issued Plaintiff a Notice of Right to Sue on June 15, 2022. (Id.) Based on Court records, Plaintiff attempted to commence an action on September 15, 2022, but filed a deficient complaint. (See ECF No. 6-3 (Sept. 15, 2022 Notice of Filing).) It was not until September 23, 2022, however, when this Court's Clerk's Office issued a "final notice" that the Clerk was awaiting filing of a complaint, that Plaintiff filed her Complaint and paid the filing fee. (See ECF Nos. 6-1, 6-4.) Plaintiff's Complaint asserts claims for (1) race discrimination; and (2) retaliation, under both Title VII and the New York State Human Rights Law ("NYSHRL"). (See generally Compl.)

On October 12, 2022, Defendant filed a pre-motion conference letter seeking leave to file a Rule 12(b)(6) motion to dismiss Plaintiff's Complaint. (See ECF No. 6.) After a December 1, 2022 pre-motion conference, this Court opted to treat the parties' letters as their substantive motion papers and permitted the parties to supplement their letters by December 16, 2022. (See ECF No. 8.) Both parties did so.[2] (See ECF Nos. 9, 11.)

For the following reasons, the Court finds that Plaintiff has failed to sufficiently plead facts to support her Title VII causes of action. The Court grants Defendant's motion to dismiss, dismisses Plaintiff's federal claims with prejudice, and dismisses her state law claims without prejudice to refiling in the proper forum.

## II. DISCUSSION

### A. Legal Standard

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff must allege sufficient facts "to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). Mere labels and legal conclusions will not suffice. Twombly, 550 U.S. at 555. In reviewing a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. See Dobroff v Hempstead Union Free School Dist., No. 21-cv-1567, 2022 WL 4641128, at *4 (E.D.N.Y. Sept. 30, 2022) (citing Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2006)).

---

[2] Notwithstanding this Court's explicit instruction that Plaintiff's supplemental letter brief in opposition to Defendant's motion to dismiss was due by December 16, 2022, Plaintiff filed her opposition one day late – on December 17, 2022. (See ECF Nos. 8, 9.) Moreover, Defendant's motion to strike Plaintiff's supplemental motion papers, see ECF No. 10, is rendered moot by the below analysis and conclusion.

A court may also consider materials attached to the complaint, materials integral to the complaint, and materials incorporated into the complaint by reference. See Sira v. Morton, 380 F.3d 57, 67 (2d Cir. 2004).

## B. Plaintiff's Title VII Claim

Title VII makes it "an unlawful employment practice for an employer…to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). As a prerequisite to filing suit under Title VII, a private plaintiff must first exhaust all administrative remedies by filing an EEOC charge. See Chin v. Port Authority of New York & New Jersey, 685 F.3d 135, 146 (2d Cir. 2012); Guan v. New York State Dept. of Envtl. Conservation, No. 16-cv-2180, 2019 WL 1284260, at *2 (E.D.N.Y. Mar. 20, 2019).

Moreover – and of instant relevance – a plaintiff may only commence a federal suit if she files a complaint within 90 days of receipt of a "right-to-sue" letter from the EEOC. De Abreu v. Johnson Controls Fire Protection LP, No. 18-cv-2686, 2021 WL 4409716, at *9 (E.D.N.Y. Sept. 27, 2021); see also Cornwell v. Robinson, 23 F.3d 694, 706 (2d Cir. 1994).

### 1. Plaintiff's Title VII Claims Are Time-Barred

Defendant initially contends that Plaintiff's Title VII claims should be dismissed with prejudice based on her failure to file her Complaint within 90 days of receipt of her EEOC Notice of Right to Sue. It is well-settled that a plaintiff bringing a Title VII claim must file a complaint in federal court not more than 90 days after receipt of a right-to-sue letter from the EEOC, and failure to do so provides "grounds for dismissal." See Klimovitsky v. JG Innovative Indus., Inc., No. 21-cv-755, 2021 WL 5712120, at *4 (E.D.N.Y. Dec. 1, 2021) (citing Dawes v. City Univ. of New York, 193 F. App'x 59, 60 (2d Cir. 2006); Cornwell, 23 F.3d at 706); see also Gomez v.

5

Henry St. Settlement, No. 20-cv-5585, 2021 WL 4943509, at *3 (S.D.N.Y. July 27, 2021), report and recommendation adopted, 2021 WL 4239177 (S.D.N.Y. Sept. 17, 2021) (citing Lizarraga v. Cent. Parking, Inc. – Waldorf Astoria Hotel, 2014 WL 2453303, at *2 (S.D.N.Y. June 2, 2014)). This rule is "strictly enforced," and "in the absence of a recognized equitable consideration, the court cannot extend the limitations period by even one day." Bray v. Suffolk Cnty. Dept. of Health Serv., No. 18-cv-4962, 2019 WL 4736740, at *3 (E.D.N.Y. Sept. 27, 2019) (citing Holder v. ABC, Inc., No. 06-cv-6760, 2007 WL 9723499, at *1 (E.D.N.Y. Apr. 25, 2007); Johnson v. Al Tech Specialties Steel Corp., 731 F.2d 143, 146 (2d Cir. 1984)); see also Tiberio v. Allergy Asthma Immunology of Rochester, 664 F.3d 35, 38 (2d Cir. 2011) (affirming dismissal where complaint was filed 93 days after receipt of right-to-sue letter); Rivera v. Children's & Women's Physicians of Westchester, LLP, No. 16-cv-714, 2017 WL 1065490, at *10 (S.D.N.Y. Mar. 18, 2017) (dismissing Title VII claims where complaint was filed 92 days after receipt of right-to-sue letter); Glover v. Fed'n of Multicultural Programs, No. 14-cv-4006, 2015 WL 4600645, at *7 (E.D.N.Y. July 29, 2015) (granting motion to dismiss where Title VII claim was filed "one day late").

Here, Plaintiff received her Notice of Right to Sue on June 15, 2022, meaning her deadline to file suit pursuant to Title VII was September 13, 2022. (See Compl. ¶ 6; Notice of Right to Sue.) Based on Court records, however, Plaintiff filed a deficient complaint on September 15, 2022, and filed her Complaint and paid the filing fee on September 23, 2022. (See Sept. 15, 2022 Notice of Filing; ECF Nos. 6-1, 6-4.) Regardless of which date the Court considers to be Plaintiff's filing date, her Complaint was filed after the 90-day filing period, thus rendering it time-barred. See Haygood v. ACM Med. Lab'y, Inc., 642 F. App'x 27, 28 (2d Cir. 2016) (affirming dismissal of complaint because plaintiff's complaint was filed "after the expiration of the 90–day deadline from his first dismissal notice"); Dawes, 193 F. App'x at 60 (Second Circuit affirming lower

6

court's dismissal of complaint for filing 92 days after receipt of the right-to-sue letter); Holder, 2007 WL 9723499, at *2 (dismissing complaint because it was "undisputed that plaintiff did not file this action within 90 days of receiving her right to sue letter.").

Moreover, Plaintiff's counsel provided no explanation for his late filing of the Complaint in his supplemental motion papers, and essentially conceded the futility of Plaintiff's Title VII claims. (See ECF No. 9.) Accordingly, the Court grants Defendant's motion to dismiss, and dismisses Plaintiff's Title VII claims with prejudice.

### 2. The Court Declines to Exercise Supplemental Jurisdiction Over Plaintiff's State Law Claims

The Court likewise declines to exercise supplemental jurisdiction over Plaintiff's NYSHRL claims. See Briggs v. SCO Family of Services, No. 16-cv-3882, 2021 WL 7209010, at *11 (E.D.N.Y. Oct. 20, 2021); see also Kolari v. N.Y.-Presbyterian Hosp., 455 F.3d 118, 122 (2d Cir. 2006) ("[A] district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction." (internal quotation marks omitted)).

Indeed, "[i]n the interest of comity, the Second Circuit instructs that 'absent exceptional circumstances,' where federal claims can be disposed of pursuant to Rule 12(b)(6) or summary judgment grounds, courts should 'abstain from exercising pendent jurisdiction.'" Birch v. Pioneer Credit Recovery, Inc., No. 06-cv-6497, 2007 WL 1703914, at *5 (W.D.N.Y. June 8, 2007), aff'd sub nom. Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122 (2d Cir. 2008) (quoting Walker v. Time Life Films, Inc., 784 F.2d 44, 53 (2d Cir. 1986), cert. denied, 476 U.S. 1159, 106 S. Ct. 2278 (1986)). Accordingly, the Court dismisses Plaintiff's NYSHRL claims without prejudice to refiling in the proper forum.

### III. CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff's Title VII claims are time-barred.

The Court grants Defendant's motion to dismiss, dismisses Plaintiff's federal claims with prejudice, and dismisses her state law claims without prejudice to refiling in the proper forum. The Clerk of the Court is respectfully directed to close the case.

**SO ORDERED.**

Dated: May 12, 2023
       Central Islip, New York

                                                      /s/ (JMA)
                                              JOAN M. AZRACK
                                              UNITED STATES DISTRICT JUDGE